IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **REGINA RAINS,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:14-cv-00062-O |
| **CAROLYN W. COLVIN,** Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge issued a Report and Recommendation (ECF No. 15) in this case. The Magistrate Judge recommended that the Commissioner's decision be affirmed and the complaint be dismissed with prejudice. R&R, ECF No. 15. Plaintiff filed objections. *See* Pl.'s Obj. R&R, ECF No. 20. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Report and Recommendation in this case is hereby **ACCEPTED**.

**I.    BACKGROUND**

Plaintiff Regina Rains ("Rains") filed an application for supplemental security income (SSI) and under Title XVI of the Social Security Act on November 23, 2011, which was initially denied on March 8, 2012, and upon reconsideration, denied again on May 9, 2012. R&R 1, ECF No. 15. Following a hearing on December 13, 2012, an Administrative Law Judge ("ALJ") determined that

Rains was not disabled under the Act. *Id*. The Magistrate Judge found that the ALJ did not err in assigning little weight to Rains' treating physicians' opinions. *Id*. at 7–8. Moreover, the Magistrate Judge found substantial evidence to support the ALJ's credibility assessment. *Id*. at 8–9. Finally, the Magistrate Judge found substantial evidence to support the adequacy of the hypothetical question posed at the administrative hearing. *Id*. at 10. Therefore, the Magistrate Judge recommends that the Commissioner's decision be affirmed and Plaintiff's complaint dismissed. *Id*. at 10.

Rains objects to the Report and Recommendation on the following grounds: (1) first, that the Magistrate Judge erred in finding that the ALJ gave proper consideration to the opinion of one of her treating physicians; and (2) second, that the Magistrate Judge erred in recommending that the ALJ properly relied upon vocational expert testimony. Pl.'s Obj. R&R 1–4, ECF No. 20.

## II.     LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir.

1988). "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment. *Id.* § 404.1520a(d)(3).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

## III.    ANALYSIS

3

In her appeal, Rains argues that the ALJ's decision is not supported by substantial evidence. Rains further objects that the ALJ improperly rejected medical opinion evidence, and improperly asked the vocational expert a hypothetical question in conducting Step 5 analysis. *See* Pl.'s Obj. R&R 1–4, ECF No. 20.

The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Smith v. Chater*, 962 F. Supp. 980, 983 (N.D. Tex. 1997) (Fitzwater, J.). In this case, the ALJ followed the five-step evaluation process, held a hearing, and considered Rains' relevant medical records. Decision, Ex. 6A, App. 44–57, ECF No. 10-4. After reviewing the credible evidence, the ALJ found that while Rains is unable to return her past work, she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *See id.* at App. 57. Therefore, the ALJ found Rains is not disabled, as defined in the Social Security Act. *Id.*

    **A.**    **The ALJ Did Not Err in Not Assigning "Controlling Weight" to Certain Medical Opinions.**

In general, an ALJ may reject the opinion of the treating physician "only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). "Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, 'the ALJ has sole responsibility for determining a claimant's disability status.'" *Id.* at 455 (citing *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994)). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* The SSA Regulations list factors an ALJ must consider before determining that a treating physician's opinion is not entitled to

controlling weight. *See* 20 C.F.R. § 404.1527(d)(2); *Newton*, 208 F.3d at 456. "Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Id.*

However, the ALJ is required to perform a detailed analysis under these specific factors "only if there is no reliable medical evidence from another treating or examining physician that controverts the treating specialist." *Miller v. Colvin*, No. 4:13-CV-456-Y, 2014 WL 2610890, at *6 (N.D. Tex. June 11, 2014) (Means, J.) (citing *Newton,* 209 F.3d at 455–57). In other words, an ALJ does not have to perform the detailed § 404.1527(d)(2) analysis "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another," or in cases in which "the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Miller v. Colvin*, No. 4:13-CV-456-Y, 2014 WL 2610890, at *6 (N.D. Tex. June 11, 2014) (Means, J.) (citing *Newton*, 209 F.3d at 458); *see also Contreras v. Massanari*, No. 1:00-CV-242-C, 2001 WL 520815, at *4 (N.D. Tex. May 14, 2001) (Koenig, Mag. J.) ("The Court's decision in *Newton* is limited to circumstances where the administrative law judge summarily rejects the opinions of a claimant's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant.").

In reaching his conclusion, the ALJ considered both Dr. Mitchell-Silver's questionnaire, as well as the findings of another examining physician, Randy Terrell. R&R 5–6, ECF No. 15. Dr. Terrell performed a physical examination of Plaintiff, listened to Plaintiff's complaints about her

5

symptoms, and did not opine that Plaintiff was impaired to the degree Dr. Mitchell-Silver suspected. *Id*. While the ALJ did not summarily reject Dr. Mitchell-Silver's opinions, the ALJ weighed her questionnaire with the findings of a second examining physician. Therefore, the ALJ had no duty to perform the specific § 404.1527(d)(2) analysis which Plaintiff claims she was denied.

"Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456. Here, the ALJ afforded "little weight" to Dr. Mitchell-Silver's assessment because it is inconsistent with claimant's own assessment, an internal medicine consultative examination conducted at about the same time, and the recent opinion of another treating doctor. App. 56, ECF No. 10-4. Therefore, the ALJ found good reason to disregard Rains' treating physicians' opinions. Accordingly, this objection is **OVERRULED** and the Magistrate Judge's Report and Recommendation is **AFFIRMED** on this issue.

> B.  **The ALJ Did Not Err in Recommending that the ALJ Properly Relied On Vocational Expert Testimony at Step 5.**

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). At step 5 in the analysis, the ALJ determines whether a claimant can make an adjustment to work aside from any prior relevant work. 20 C.F.R. § 404.1520(a)(4)(v). Within this inquiry, the ALJ may request that a vocational expert provide evidence at the administrative hearing as to the ability of a hypothetical person with the claimant's impairments to perform jobs in the local and national economy. *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). The ALJ poses hypothetical questions to the vocational expert which must reasonably

incorporate all of a claimant's disabilities, and the vocation expert will respond with whether that hypothetical person could perform substantial gainful activity. *See, e.g.*, *Boyd*, 239 F.3d at 706–08. "Unless the hypothetical question posed . . . can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ . . . a determination of non-disability cannot stand." *Id.* at 707 (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). However, reversal is not required when "the claimant is afforded the opportunity correct deficiencies in the ALJ's question by mentioning or suggesting to the [vocational expert] any purported defects in the hypothetical questions (including disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)." *Id.*; *see also Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff objects because the ALJ "failed to ask the VE a complete hypothetical question," and therefore, the Step 5 determination was "unsupported by substantial evidence." *See* Pl.'s Obj. R&R 3–4, ECF No. 20. However, as the Magistrate Judge recognized, Plaintiff does not state what additional limitations the ALJ should have incorporated into the hypothetical, and Plaintiff's counsel was given the opportunity to correct any alleged deficiencies. In fact, Plaintiff's counsel even affirmed the ALJ's finding that Plaintiff was not disabled when, following the ALJ's questioning of the expert, counsel clarified and confirmed with the vocational expert that the hypothetical person could perform "order clerk" and "charge account clerk" positions. Tr. 36, ECF No. 10-3. Because Plaintiff's counsel failed to attempt to correct any alleged deficiencies as to the hypothetical question, reversal is not required. Accordingly, this objection is **OVERRULED** and the Magistrate Judge's Report and Recommendation is **AFFIRMED** on this issue.

IV. **CONCLUSION**

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED**.  It is therefore **ORDERED, ADJUDGED,** and **DECREED** that all claims asserted in the above-entitled action are hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **21st day** of **September, 2015**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE